IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ESTHER KAPIOLANI KANE CARVER,<br><br>              Plaintiff,<br><br>vs.<br><br>STATE OF HAWAII 1ST CIRCUIT JUDICIARY JUDGE(S) CASA APPOINTED ATTORNEYS, DEPARTMENT OF HUMAN SERVICES CHILD WELFARE,<br><br>              Defendants. | CIV. NO. 23-00611 RT-NONE<br><br>FINDINGS AND RECOMMENDATION TO DIMISS ACTION |

### **FINDINGS AND RECOMMENDATION TO DISMISS ACTION**

Before the Court is Plaintiff Esther Kapiolani Kane Carver's ("Plaintiff") *Application to Proceed in District Court Without Prepaying Fees or Costs* ("Application"), filed on December 21, 2023.  ECF No. 2.

The Court elects to decide the *Application* without a hearing pursuant to Rule 7.1(d) of the *Local Rules of Practice for the United States District Court for the District of Hawaii*.

After careful review of the *Application* and relevant law, the Court recommends that the *Application* be **DENIED.**

**DISCUSSION**

I.  **Application**

A court may authorize the commencement or prosecution of any suit without prepayment of fees if the litigant submits an affidavit stating that the litigant is unable to pay the required fees.  *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)) (the affidavit "is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life").  In determining IFP status, the Court considers whether the applicant's annual income surpasses the poverty threshold as determined by the Department of Health and Human Services ("HHS") 2024 Poverty Guidelines.  *See* Office of the Assistant Secretary for Planning and Evaluation, Poverty Guidelines, https:// https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited Jan. 24, 2024).  This threshold is based on the number of persons in the applicant's family or household.

In this case, the *Application* is confusing and incomplete.  First, Plaintiff indicates that Plaintiff is both incarcerated and not incarcerated.  Plaintiff should only select and complete either question number 1 or 2 on the form and not both.  Second, question number 3 is incomplete.  Plaintiff indicates "yes" for two income sources, but does not indicate either "yes" or "no" to the other income sources listed under question number 3.  In addition, Plaintiff does not indicate the amount of money Plaintiff earns from employment at Jiffy Lube.  Third, in response to

2

question number 5, Plaintiff fails to approximate the value of the property Plaintiff owns as required by the question.  Fourth, in response to question 6, Plaintiff lists possible monthly expenses, but fails to indicate the amount of each.  Fifth, Plaintiff must clearly describe the amounts owed and to whom they are payable.  Plaintiff's explanations in response to question 8 are confusing as written.  The litigant "need not be absolutely destitute[,] . . . [but] must allege poverty 'with some particularity, definiteness and certainty.'"  *Escobedo*, 787 F.3d at 1234 (citations omitted) (internal quotations omitted).  In this case, due to incomplete and confusing answers, the Court is unable to find that Plaintiff is unable to pay the required fees in this case.  The Court thus **RECOMMENDS** that the *Application* be **DENIED**.

## II.     The *Complaint* Should Be Dismissed

The Court may deny the *Application* and dismiss the *Complaint* if the Court determines from the face of the *Complaint* that:

(A)  The allegation of poverty is untrue; or

(B)  The action or appeal--

(i)   is frivolous or malicious;
(ii)  fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).  The Court must accept as true the allegations in the *Complaint*.  *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976) (citation omitted).  In addition, the Court is required by the Ninth Circuit to

construe the pleadings filed by *pro se* litigants liberally. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citations omitted); *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). The Court finds that the *Complaint* should be dismissed based on failure to state a claim.

Rule 8 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") sets forth the pleading standard and requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "The Federal Rules require that averments 'be simple, concise, and direct.'" *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). Although the federal rules adopt a flexible pleading policy, a complaint must "give[ ] fair notice and state[ ] the elements of the claim plainly and succinctly." *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (citation omitted).

Detailed factual allegations are not required under Fed. R. Civ. P. 8, but the rule "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw

4

the reasonable inference that the defendant is liable for the misconduct alleged."

*Id.* (citing *Twombly*, 550 U.S. at 556).

Even construing the *Complaint* liberally, the Court is unable to find that Plaintiff has sufficiently alleged a viable claim. Plaintiff's statement of claims is as follows:

> The Circuit Court by legal decree has collaborated Human Trafficing [sic] of infant toddler and child by Violation of my Constitutional Freedom of Religion belief that it is my Responsibility to Care for my children Physical Emotional, Mental Educational Provisional Food Shelter Clothing Person(s) By Failing to Provide Proper due process(es). Hearing Notice (Fair), Uphold Business Ethics and Income syllabus described to Public Service. Also by: Seize, Capture, Hostage Terrorism Holdings and Ransom Demand Implement.

ECF No. 1 at PageID.5. In addition to being cryptic and nonsensical, Plaintiff's statement of claim appears to be solely about Plaintiff's dissatisfaction with a state court ruling regarding child custody issues. The Court thus finds that the *Complaint* is frivolous. If Plaintiff is seeking an appeal of a state court decision regarding child custody, Plaintiff must appeal to the proper court and may not circumvent such requirements by filing a claim in this court. *See e.g.,* Haw. Fam. Ct. R. 72 ("Where a right of appeal to the family court is allowed by statute, any person or party allowed by statute may appeal from such decision . . . by filing a notice of appeal in the family court having jurisdiction of the matter."). Accordingly, Plaintiff's statement of claim fails to even provide a threadbare recital of the elements of a viable cause of action and therefore, fails to meet the

pleading standards under Fed. R. Civ. P. 8.  The Court further finds that these defects "[can]not possibly be cured by the allegation of other facts" and that justice does not require leave to amend.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (citation omitted).  The Court thus **RECOMMENDS** that dismissal be without prejudice and without leave to amend.

## CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that the district court **DENY** the *Application*, and **DISMISS** the *Complaint* **WITHOUT PREJUDICE** and **WITHOUT LEAVE TO AMEND**.

Due to the lack of full consent of the parties under 28 U.S.C. § 636(c), the Clerk of Court is directed to **ASSIGN** this case to a district judge.  Magistrate Judge Trader to remain as the assigned Magistrate Judge.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, January 25, 2024.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 23-00611 RT-NONE;  *Esther Kapiolani Kane Carver vs. State of Hawaii 1st Circuit Judiciary Judge(s) Casa Appointed Attorneys*;  Findings and Recommendation to Dismiss Action