IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ESTHER KAPIOLANI KANE CARVER,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>STATE OF HAWAII 1ST CIRCUIT JUDICIARY JUDGE(S) CASA APPOINTED ATTORNEYS, *et al.*,<br><br>　　　　Defendants. | Case No. 23-cv-00611-DKW-RT<br><br>**ORDER (1) OVERRULING AS-CONSTRUED OBJECTION; AND (2) ADOPTING IN PART MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION** |

　　　　On January 25, 2024, the assigned United States Magistrate Judge issued a Findings and Recommendation ("F&R") that this Court deny Plaintiff Esther Carver's application to proceed *in forma pauperis* ("IFP Application") based on her incomplete and confusing answers and dismiss her Complaint for failing to state a viable claim for relief, as required by Rule 8 of the Federal Rules of Civil Procedure.  Dkt. No. 8.  One week later, on February 1, 2024, Carver filed a document titled, "Proof of Poverty; Complaint and Relief Clarification."  Dkt. No. 10.  Therein, Carver attached three letters from the State of Hawaiʻi Department of Human Services, specifying the amount she receives in SNAP and general assistance benefits, and attempted to clarify her claims.  *See* Dkt. No. 10 at 2; Dkt.

No. 10-1.  The Court, therefore, liberally construes this *pro se* filing as objections to the F&R.

When reviewing a Magistrate Judge's F&R, the Court must consider *de novo* those portions of the F&R to which a specific objection is made.  Fed. R. Civ. P. 72(b)(2)–(3); 28 U.S.C. § 636(b)(1)(C).  Thereafter, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

Here, the Court finds, based on its independent review, that Carver has failed to provide sufficient information for the Court to properly assess whether she is capable of paying the filing fee or offering security in this case.  As an initial matter, although Carver's IFP Application indicated that her take-home pay is approximately $300 biweekly, she failed to specify the amount of "supplemental" income she receives through her employment at Jiffy Lube,[1] SNAP benefits, and/or welfare benefits.  *See* Dkt. No. 2 at 1.  Moreover, her IFP Application also failed to provide dollar amounts for any of her listed items of value, monthly expenses, or outstanding debts.  *Id.* at 2.  Although Carver attempted to supplement her IFP Application with the state benefits letters attached to her objection, such letters explain only that she receives $396 per month in SNAP benefits and $259 in

---

[1]Although the IFP Application is far from a model of clarity, it also appears that Carver may have put in her two weeks' notice at Jiffy Lube and may no longer be employed there.  *See* Dkt. No. 2 at 1.

general assistance benefits. *See* Dkt. No. 10-1. They do not provide any further clarity with regard to her other sources of income, items of value, monthly expenses, or debt obligations. *See* Dkt. No. 10-1. Accordingly, without this information, the Court is still unable to determine whether Carver is able to pay the $405 filing fee. Carver's IFP Application is, therefore, denied.

In sum, for the reasons discussed herein, Carver's objection, Dkt. No. 10, is OVERRULED and the F&R, Dkt. No. 8, is ADOPTED only as to the denial of Carver's IFP Application.[2] Should Carver wish to continue in this action, she must either pay the filing fee or file a new application to proceed *in forma pauperis* by **February 23, 2024**. If she chooses to complete a new IFP Application, Carver must *fully answer* all questions, including by specifying the amount of *all* sources of income, the value of her property, the amount of her monthly expenses, and the value of her outstanding debt obligations. **The Court cautions Carver that the failure to file a complete application to proceed *in forma pauperis* or pay the civil filing fee by February 23, 2024 may result in the dismissal of this action without further consideration of the merits of the case and without further notice.**

---

[2]Because the Court adopts the Magistrate Judge's recommendation as to the denial of Carver's IFP Application, it need not (and does not) reach at this time the Magistrate Judge's recommendation to screen and dismiss this action. *See* 28 U.S.C. § 1915(e)(2)(B); *Gibson v. Teamsters 631 Union*, 2020 WL 8881367, at *1 (D. Nev. Feb. 26, 2020) (recommending denial of plaintiff's IFP Application and therefore declining to screen the complaint).

The Clerk of Court is DIRECTED to mail Carver a blank Application to Proceed in District Court without Prepaying Fees or Costs (AO 240).

IT IS SO ORDERED.

DATED: February 7, 2024 at Honolulu, Hawaiʻi.

_____
Derrick K. Watson
Chief United States District Judge

---

*Esther Kapiolani Kane Carver v. State of Hawaii*; Civil No. 23-00611 DKW-RT; **ORDER (1) OVERRULING AS-CONSTRUED OBJECTION; AND (2) ADOPTING IN PART MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION**