IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ESTHER KAPIOLANI KANE CARVER,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF HAWAII 1ST CIRCUIT JUDICIARY JUDGE(S) CASA APPOINTED ATTORNEYS, *et al.*,<br><br>Defendants. | Case No. 23-cv-00611-DKW-RT<br><br>**ORDER DENYING AS-CONSTRUED MOTION FOR RECONSIDERATION** |

On January 25, 2024, the assigned Magistrate Judge issued a Findings and Recommendation ("F&R"), recommending, *inter alia*, that this Court deny Plaintiff Esther Carver's application to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 8. In response, on February 1, 2024, Carver filed a document titled "Proof of Poverty; Complaint and Relief Clarification." Dkt. No. 10. Construing this filing as an objection to the F&R, the Court overruled it and adopted the F&R in part, denying Carver's IFP Application and giving her until February 23, 2024 to file a new application or pay the filing fee. Dkt. No. 11. Instead, on February 20, 2024, Carver filed a document titled "Appeal Order (1) Over Ruling As-Construed Objection Challenging (2) in Whole if Judge Magistrate Rom Trader has Seen Case Merits at All Thus Refusal to Orders Denial

of Initial "IFP APP" Instilling Magna Carta 1, 13, 39, 40 Refute Secretarial 'Court' Presiding Discriminatory Siphony." Dkt. No. 13.  As Carver is *pro se*, the Court liberally construes this filing as a motion for reconsideration and elects to decide it without a hearing.  *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987); LR 7.1(d).

Under Local Rule 60.1, a party may file a motion for reconsideration of an interlocutory order where there is: "(a) Discovery of new material facts not previously available; (b) Intervening change in the law; and/or (c) Manifest error of law or fact."  LR 60.1; *see Sch. Dist. No. 1J, Multnomah Cnty., Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Though such motions are generally disfavored, "[w]hether or not to grant reconsideration is committed to the sound discretion of the court."  *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003); *see* LR 60.1.

Here, having carefully reviewed Carver's motion, the Magistrate Judge's Findings and Recommendations, the Court's Order Overruling the As-Construed Objection and Adopting in Part the Magistrate Judge's Findings and Recommendation, and the record generally, the Court finds that Carver has failed to identify *any* newly discovered evidence, intervening changes in the law, or manifest error of fact or law which would entitle her to reconsideration.  Rather, her motion appears entirely predicated on her own personal dissatisfaction with the

Court's decisions.  *See, e.g.*, Dkt. No. 13 at 1 (arguing that the Court is "denying plaintiffs the rights to fair hearings, discriminating based upon proverty [sic] eligibility and grooping [sic] for further assets discovery" and asking "please do not Derrick K. Watson Chief United States District Judge condone the pockets that are awready [sic] deemed pukaed as the vaults are dry and the gold is reigning.").  Such conclusory disagreement is plainly not sufficient grounds for reconsideration.  *See Hawaii Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005) ("Mere disagreement with a previous order is an insufficient basis for reconsideration.").  Carver's motion, Dkt. No. 13, is therefore DENIED.

    IT IS SO ORDERED.

    DATED: February 22, 2024 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge

---

Esther Kapiolani Kane Carver vs. State of Hawaii, *et al.*; **ORDER DENYING AS CONSTRUED MOTION FOR RECONSIDERATION**