IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ESTHER KAPIOLANI KANE CARVER<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF HAWAII 1ST CIRCUIT JUDICIARY JUDGE(S) CASA APPOINTED ATTORNEYS, *et al.*,<br><br>Defendants. | Case No. 23-cv-00611-DKW-RT<br><br>**ORDER DISMISSING CASE** |

On December 21, 2023, Plaintiff Esther Carver filed a Complaint against Defendants State of Hawaii First Circuit Judiciary Judge(s) CASA Appointed Attorneys and the Department of Human Services Child Welfare, raising claims related to her dissatisfaction with a Hawaiʻi state court's resolution of her child custody dispute.[1]  Dkt. No. 1.  That same day, Carver additionally filed an application to proceed *in forma pauperis* ("IFP Application").  Dkt. No. 2.

On January 25, 2024, the assigned Magistrate Judge issued a Findings and Recommendation ("F&R"), suggesting that this Court deny Carver's IFP Application due to her incomplete and confusing answers and dismiss her

---

[1] Later in the Complaint, Carver mentions specific persons, including Judge Natasha Shaw and Emily Kaawe (CASA).  *See* Dkt. No. 1 at 4–5.  However, as Carver failed to list either of these persons as parties to the action, they have not been added as Defendants in this case.  *See* Dkt. No. 1 at 2–3.

Complaint for failure to state a viable claim for relief as required by Rule 8 of the Federal Rules of Civil Procedure. Dkt. No. 8. Shortly thereafter, on February 1, 2024, Carver filed a document titled "Proof of Poverty; Complaint and Relief Clarification." Dkt. No. 10. Construing this filing as an objection to the F&R, the Court issued an Order on February 7, 2024, overruling the objection and adopting the F&R in part. Dkt. No. 11. Specifically, after undertaking independent review of Carver's IFP Application, the Court denied it based on her failure to provide sufficient information for the Court to assess whether she is capable of paying the filing fee or offering security in this case. *Id.* at 2–3. The Court then proceeded to grant Carver until February 23, 2024 to remit the $405 filing fee or file a new, complete IFP Application. *Id.* at 3. Carver was warned that failure to do so would result in the dismissal of her case without further notice or consideration of its merits. *Id.*

On February 20, 2024, instead of paying either the filing fee or filing a new IFP Application, as directed, Carver filed a document entitled, "Appeal Order (1) Over Ruling As-Construced [sic] Objection Challenging (2) in Whole if Judge Magistrate Rom Trader has Seen Case Merits at all Thus Refusal to Orders Denial of Initial 'IFP App' Instilling Magna Carta 1,13,39,40 Refute Secretarial 'Court' Presiding Discriminatory Siphony [sic]." Dkt. No. 13. On February 22, 2024, the Court liberally construed this filing as a motion for reconsideration and denied the

same.  Dkt. No. 14.  Since then, Carver has failed to file anything further and the February 23, 2024 deadline has now passed without the Court having received either the filing fee or a new IFP Application.  This case is therefore dismissed without prejudice, as more fully explained below.

Federal courts have the authority to dismiss cases for failure to prosecute or failure to comply with court orders.  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.3d 1258, 1260–61 (9th Cir. 1992)).  In doing so, the Court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  *Id.*  Here, after careful consideration of each factor, the Court finds that this case should be dismissed without prejudice.

First, Carver's failure to pay the requisite filing fee or file a new IFP Application has delayed resolution of this case on the merits and therefore hindered the public's interest in the expeditious resolution of litigation.  As such, this factor favors dismissal.  *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("the public's interest in expeditious resolution of litigation always favors dismissal.").

Second, Carver's failure to remit the filing fee or file a new IFP Application also hinders the Court's ability to manage its docket. Put simply, unless and until she does so, this action cannot proceed, thereby limiting the Court's ability to manage its docket. Accordingly, this factor also favors dismissal.

Third, Carver's failure to pay the filing fee or file a new IFP Application in a timely manner risks prejudice to Defendants in this case. The Ninth Circuit has explained that in evaluating this factor, the risk of prejudice is related to the plaintiff's reason for failing to prosecute an action. *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 292 F.3d at 991). Here, despite the Court's specific explanations and instructions, Carver has failed to pay the filing fee, file a new IFP Application, or otherwise provide the Court with the necessary information to evaluate her capacity to pay the filing fee. *See* Dkt. No. 8 at 2–3 (explaining the deficiencies in the original IFP application); Dkt. No. 11 at 2–3 (instructing how to remedy those deficiencies). Instead, she has filed repeated objections—none of which cure the underlying issues. *See* Dkt. No. 10 (objecting to the F&R); Dkt. No. 13 (seeking reconsideration of the Court's adoption of the F&R). Given her evident refusal to remedy the straightforward deficiencies in her IFP Application, this factor weighs in favor of dismissal. *See Pagtalunan*, 291 F.3d at 643.

Fourth, the Court has already provided Carver with less drastic alternatives to no avail. Specifically, the Court's February 7, 2024 Order clearly explained to

Carver the deficiencies in her IFP Application, gave her guidance on how to file a new application, and warned her that failure to do so by February 23, 2024 would result in the automatic dismissal of her case. Dkt. No. 11. Nevertheless, Carver failed to comply, nor has she requested additional time to do so. As this action cannot proceed without a complete IFP Application or payment of the filing fee, this factor favors dismissal. *See Ferdik*, 963 F.2d at 1262 (explaining "a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." (citations omitted)).

Finally, as public policy favors disposing of cases on their merits, this factor weighs against dismissal. *Pagtalunan*, 291 F.3d at 643.

In sum, as four out of five factors favor dismissal, this case is DISMISSED WITHOUT PREJUDICE due to Carver's failure to pay the filing fee or file a complete IFP Application pursuant to the Court's February 7, 2024 Order. *See Ferdik*, 963 F.2d at 1263 (finding dismissal warranted where three out of five factors weighed in favor of dismissal); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (finding that where the other four factors favor dismissal, they are not outweighed by public policy favoring the resolution of cases on their merits); *see also Ash v. Cvetkov*, 739 F.2d 493, 497 (9th Cir. 1984) ("dismissal without prejudice is a more easily justified sanction for failure to prosecute.").

The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

DATED: February 26, 2024 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

*Esther Kapiolani Kane Carver vs. State of Hawaii 1st Circuit Judiciary Judge(s) Casa Appointed Attorneys, et al.*, Civil No. 23-00611 DKW-RT; **ORDER DISMISSING CASE**